Jane DOE, on behalf of herself and all others similarly situated, et al., Plaintiffs,

v.

Paul S. ROSE, Individually and in his capacity as Executive Director of the Utah State Department of Social Services, Defendant.

No. C–169–73.

United States District Court, D. Utah, C. D.

July 27, 1973.

David S. Dolowitz, Salt Lake City, Utah, for plaintiffs.

Joseph P. McCarthy, Special Asst. Atty. Gen., Salt Lake City, Utah, for defendant.

## FINDINGS OF FACT and CONCLUSIONS OF LAW

RITTER, Chief Judge.

### FINDINGS OF FACT

1. The plaintiff, Jane Doe, was a 22-year-old citizen of the State of Utah in her 18th week of pregnancy at the time of the filing of the complaint in the above-captioned matter.

2. The plaintiff, Jane Roe, was a 31-year-old citizen of the State of Utah in her 18th week of pregnancy at the time of the filing of the complaint in the above-captioned matter.

3. The plaintiff, Jane Poe, was a 21-year-old citizen of the State of Utah in her 10th week of pregnancy at the time of the filing of the complaint in the above-captioned matter.

4. Defendant Paul S. Rose is the Executive Director of the Utah State Department of Social Services. Under the laws of the State of Utah, he is the Chief Executive Officer of the State Department of Social Services, which includes administration of the Medicaid Program, which provides medical assistance to persons in the State of Utah who are eligible for assistance, pursuant to the provisions of subchapter XIX of the Social Security Act of 1935, as amended, Section 1396 et seq., of Title 42, U.S.C.

5. Each of the plaintiffs consulted with her attending physician regarding an abortion. Said physicians were licensed to practice medicine in the State of Utah with staff privileges at the University Hospital at the University of Utah. Each physician submitted the respective cases of the plaintiffs to the screening committee of the University Hospital at the University of Utah, and each case was accepted by the committee for the performance of an abortion under the criteria established by the said committee.

6. Each of the plaintiffs is a recipient of categorical assistance, that is, assistance provided pursuant to subchapters I, X, XIV, XVI, or Part A of IV of the Social Security Act of 1935, as amended, and as such, are participants in the Medicaid Program established and regulated by subchapter XIX of the Social Security Act of 1935, as amended, Section 1396 et seq., of Title 42, U.S.C.

7. Each of the plaintiffs desired an abortion and, in consultation with their

respective physicians, it was determined that it was medically appropriate for each of the plaintiffs to have an abortion by proper medical procedure.

8. There was no determination made by the physicians of each of the plaintiffs that the said abortions were necessary to save the life of the mother or to prevent serious impairment to her physical health.

9. The defendant, his agents and employees have required as a precondition for payment that all requests for abortions on Medicaid recipients be submitted to them for approval before payment would be granted.

10. The defendant, his agents and employees have required as a precondition for payment that any abortion being performed upon a recipient of Medicaid be for "therapeutic" purposes.

11. A "therapeutic" abortion as used by the defendant, his agents and employees, in establishing criteria for payment for an abortion is one which is necessary to save the life of the mother or to prevent serious and permanent impairment to her physical health.

12. The defendant, his agents and employees are the Administrators of the Medicaid Program in the State of Utah, as the State agency required to operate that Program in conjunction with the Department of Health, Education and Welfare, pursuant to subchapter XIX of the Social Security Act of 1935, as amended, Section 1396 et seq., of Title 42, U.S.C.

From the foregoing Findings of Fact, the Court enters the following Conclusions of Law:

## CONCLUSIONS OF LAW

1. Plaintiffs' Motion for Summary Judgment should be granted.

2. Defendant's Motion for Summary Judgment should be denied.

3. Each of the plaintiffs are categorically needy participants in the Medicaid Program operated pursuant to subchapter XIX of the Social Security Act of 1935, as amended, Section 1396 et seq., of Title 42, U.S.C.

4. Pursuant to the provisions of Section 1396(a)(10) and (13) of Title 42, U.S.C., the defendant, his agents and employees are required to administer the State Medicaid Plan so as to provide, pursuant to Section 1396d(a)(1) and (5) of Title 42, U.S.C., in-patient hospital care and necessary physician care to the plaintiffs as Medicaid recipients.

5. The defendant, his agents and employees submitted, pursuant to Section 1396 of Title 42, U.S.C., a Medicaid Program in which they stated that they would provide in-patient hospital care and necessary physician care to the plaintiffs as Medicaid recipients.

6. Each of the plaintiffs has a constitutionally protected right to receive an abortion.

7. Defendant, his agents and employees are without authority, under the provisions of subchapter XIX of the Social Security Act of 1935, as amended, Section 1396 et seq., of Title 42, U.S.C., and in particular, Sections 1396a(a)(10) and (13) and Sections 1396d(a)(1) and (5) of Title 42, U.S.C., to deny to the plaintiffs abortions based upon whether or not they are "therapeutic."

8. The plaintiffs will be denied Equal Protection of Law if the defendant, his agents and employees are permitted to discriminate between "therapeutic" and "non-therapeutic" abortions in the administration of the Medicaid Program.

9. The defendant, his agents and employees should be enjoined and prohibited from requiring as a precondition for payment that all applications for abortions by Medicaid participants be submitted to the defendant, his agents and employees for approval prior to the performance of said abortions.

10. The defendant, his agents and employees should be enjoined and pro-

hibited from requiring as a precondition for payment that abortions being performed upon Medicaid recipients be "therapeutic."

11. The plaintiffs should be awarded the costs of the action.